# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY D. SMITH,** | : | **CIVIL ACTION NO. 1:09-CV-1176** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **GARRETT MILLER,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Plaintiff Anthony Smith ("Smith") brings this civil rights action pursuant to 42 U.S.C. § 1983, claiming that defendant Garrett Miller ("Miller"), a police officer employed by the city of Harrisburg, violated his Fourth Amendment rights by employing excessive force during the course of an arrest. Presently before the court is Miller's motion to dismiss or, in the alternative, for a more definite statement. (See Doc. 10.) For the reasons that follow, the motion will be denied.

## I. Statement of Facts[1]

The allegations contained in the complaint date to July 2007, when Smith was purportedly arrested by Miller for "public drunkenness." (See Doc. 3 ¶ 9.) Smith claims that during his arrest, Miller severely beat him and tackled him to the ground. (Id. ¶¶ 8, 10.) As a result, Smith allegedly suffered injuries to his left knee, which have persisted since the day of the arrest. (Id. ¶¶ 11-14.) Smith also contends that he was diagnosed with "post traumatic" pain in his knee and that eventually his left knee cap "dropped." (Id. ¶¶ 13-14.)

Smith commenced the instant action by filing a complaint on June 19, 2009. (See Doc. 1.) He alleges that Miller violated his Fourth Amendment rights by applying excessive force during the course of the July 2007 arrest. Smith amended his complaint on September 22, 2009, (Doc. 3), and Miller moved to dismiss the amended complaint on March 30, 2010, (see Doc. 10). Specifically, Miller asserts that the amended complaint fails to state a claim upon which relief can be granted or, in the alternative, that Smith must make a more definite statement of his claims. (See id.) Miller's motion has been fully briefed and is ripe for disposition.

---

[1] In accordance with the standard of review for a Rule 12 motion to dismiss, the court will present the facts as alleged in the complaint and in the public records provided by the parties. See infra Part II. Furthermore, those portions of the complaint which consist of no more than legal conclusions or a formulaic recitation of the elements of a cause of action have been disregarded. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

**II.    Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a two-step inquiry.  In the first step, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Fowler v. UPMC

3

Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009) (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, --- U.S. at ---, 129 S. Ct. at 1949. When the complaint fails to establish defendant liability, however, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Such a motion "will be granted only if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading." Synagro-WWT, Inc. v. Rush Twp., 204 F. Supp. 2d 827, 849 (M.D. Pa. 2003) (quoting SEC v. Saltzman, 127 F. Supp. 2d 660, 668 (E.D. Pa. 2000); Griffin v. Municipality of Kingston, Civ. A. No. 3:08-cv-2290, 2009 WL 1794775, at *4 (M.D. Pa. June 23, 2009) (same). Rule 12(e) motions "are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it

4

virtually impossible for the opposing party to craft a responsive pleading." Synagro-WWT, 204 F. Supp. 2d at 849 (quoting Sabugo-Reyes v. Travelers Indem. Co. of Ill., No. Civ. A. 99-5755, 2000 WL 62627, at *3 (E.D. Pa. Jan. 14, 2000)).

**III. Discussion**

Section 1983 affords a right to relief where official action causes a "deprivation of rights protected by the Constitution." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). The statute is not an independent source of substantive rights, but merely "provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002). To establish a claim under § 1983, the plaintiff must demonstrate (1) the contravention of a constitutional right, and (2) that a "person acting under the color of state law" is responsible for the alleged injury. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992).

Smith bases his § 1983 claim on the Fourth Amendment, which provides every citizen with the right to be free from the excessive application of force during lawful arrests. See Kopec, 361 F.3d at 776-78. To avoid running afoul of the Fourth Amendment, an officer may exercise only an "objectively reasonable" degree of force in effectuating an arrest. Id. In determining whether an officer's conduct was reasonable, a court must review all of the circumstances surrounding the arrest, including: (1) the severity of the crime, (2) the immediate threat that the suspect posed to the officers' safety, (3) whether the suspect was actively resisting the

5

arrest, and (4) the number of suspects with whom the officers had to contend at one time. Couden v. Duffy, 446 F.3d 483, 496-97 (3d Cir. 2006).

In the action *sub judice*, Smith alleges that he was arrested by Miller on July 5, 2007, and that he was severely beaten during the course of the arrest. After his release from custody, Smith claims that he sought medical attention, was diagnosed with "post traumatic" knee pain, and, in fact, continues to experience intermittent pain in his left knee. A reasonable reading of the complaint thus places Miller on notice with respect to the nature of Smith's claim and the grounds upon which it rests. See Phillips, 515 F.3d at 232 (quoting Twombly, 550 U.S. at 555). Miller does not, in fact, dispute the facial validity of the complaint, but instead argues that the city of Harrisburg possesses no actual record of Smith's arrest. (See Doc. 11 at 3-4.) This is an argument that must await development of the record through discovery. At this juncture, the court must accept Smith's well-pleaded facts as true and limit its review to the allegations contained in the complaint. See Gelman, 583 F.3d at 190. Because Smith's allegations are sufficient to state a claim for relief, Miller's Rule 12(b)(6) motion will be denied.

Miller's Rule 12(e) motion will also be denied. The allegations of excessive force are not so vague or ambiguous so as to prevent Miller from filing a responsive pleading. See Synagro-WWT, 204 F. Supp. 2d at 849; see also 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1376, at 311 (3d ed. 2004) ("[T]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. . . . [T]he pleading must be so vague or ambiguous that the

opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed with good faith or without prejudice to himself."). Miller's brief in support of the motion to dismiss reflects both his comprehension of Smith's claim and his ability to respond thereto; after all, Miller's primary argument centers upon his denial, as a matter of fact, that he arrested Smith in July of 2007. (See Doc. 11 at 4.) Such an assertion goes not to the ambiguity of the complaint, but the factual predicate necessary for Smith to survive summary judgment. At this juncture, Smith's complaint must simply satisfy the requirements of Rule 8(a); the court finds that it does so, and will therefore deny the motion for a more definite statement.

**IV. Conclusion**

For the foregoing reasons, Smith has adequately stated a Fourth Amendment excessive force claim. Thus, Miller's motion to dismiss the complaint, or for a more definite statement, will be denied.

An appropriate order follows.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:       May 26, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY D. SMITH,** | : | **CIVIL ACTION NO. 1:09-CV-1176** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **GARRETT MILLER,** | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 26th day of May, 2010, upon consideration of the motion (Doc. 10) to dismiss or, in the alternative, for a more definite statement, filed by defendant Garrett Miller, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 10) is DENIED.

                                       S/ Christopher C. Conner
                                       CHRISTOPHER C. CONNER
                                       United States District Judge