# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY D. SMITH** : | **CIVIL ACTION NO. 1:09-CV-1176** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **GARRETT MILLER** : | |
| **Defendant** : | |

## ORDER

AND NOW, this 19th day of January, 2011, upon consideration of defendant's motion (Doc. 24) to dismiss plaintiff's complaint, filed on December 2, 2010, wherein defendant seeks dismissal of the complaint due to plaintiff's failure to cooperate in discovery, and it appearing that by court order (Doc. 26) issued on January 7, 2011, the court directed plaintiff to respond to said motion or be deemed not to oppose said motion, and it further appearing that, as of the date of this order, plaintiff has not filed a brief in opposition, see L.R. 7.6 (stating that a party must file a brief in opposition within fourteen days of the brief in support or will be "deemed not to oppose such motion"), and the court noting that defendant may move to dismiss any claim against him as a result of plaintiff's failure to prosecute and/or his failure to comply with court orders, see FED. R. CIV. P. 41(b) (stating that a defendant may move to dismiss an action against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); see also Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008), and the court finding that, pursuant to Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984) (listing factors to be considered by the

district court prior to dismissing a complaint for failure to comply with court orders and rules), plaintiff, a *pro se* party, (see Doc. 21) is personally responsible for the failure to respond to the motion to dismiss and court order directing response, and that the defendant is prejudiced in his ability to defend against this action by plaintiff's failure to engage in discovery or otherwise respond, and the court further finding that plaintiff's dilatoriness is substantial, and that plaintiff's failure to respond to the motion to dismiss after court order directing response amounts to bad faith, and the court concluding that, given plaintiff's lack of engagement in this litigation since August, 2010,[1] sanctions other than dismissal would be ineffective, it is hereby ORDERED that:

1. The motion (Doc. 24) to dismiss is GRANTED for failure to cooperate in discovery or otherwise prosecute the above-captioned matter.

2. All claims filed by plaintiff against defendant are DISMISSED with prejudice.

3. The Clerk of Court is directed to CLOSE the case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] The court held a telephone conference on August 30, 2010, in which the court addressed plaintiff's failure to respond to discovery requests. (Doc. 17) Plaintiff's counsel of record indicated that he was unable to locate plaintiff and would file a motion to withdraw as counsel, which he subsequently did on September 7, 2010. (See Doc. 18). The court granted that motion on October 4, 2010, (see Doc. 21), after plaintiff failed to respond to the motion per court order. (See Doc. 19).